UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY HALL,<br><br>   Plaintiff,<br><br>  v.<br><br>SHELTER GENERAL INSURANCE COMPANY, CHRIS MYERS, individually and d/b/a CHRIS MYERS INSURANCE,<br><br>   Defendant. | Case No. 06-cv-732-JPG |

## MEMORANDUM AND ORDER

In light of Seventh Circuit admonitions, *see*, *e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the Notice of Removal (Doc. 2) filed by defendant Shelter Mutual Insurance Company (misnamed as Shelter General Insurance Company) ("Shelter"):

1.  **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000. The notice of removal alleges the plaintiff's residence but not his citizenship.

2.  **Failure to allege the citizenship of a corporation.** A corporation is a citizen of both the state of its principal place of business <u>and</u> the state of its incorporation. 28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party. Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994). The notice of removal does not allege the specific state of Shelter's incorporation or its principal place of business.

The Court hereby **ORDERS** that Shelter shall have up to and including October 13, 2006, to amend the faulty pleading to correct the jurisdictional defect. Failure to amend the faulty pleading may result in remand of this case for lack of subject matter jurisdiction. Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. Shelter is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

The Court further notes that Shelter has not properly filed the complaint and civil cover sheet in this case. It has filed them as "supplements" (Docs. 7 & 8). However, pursuant to the notice sent by the Clerk's Office to Shelter when the case was opened (Doc. 1), Shelter must file the civil cover sheet and the state court complaint, service of process, pleadings and orders as attachments to the notice of removal, not as separate documents. Because the documents were incorrectly filed, the Court **STRIKES** them (Docs. 7 & 8) and **ORDERS** Shelter to file the appropriate documents properly as attachments to its amended notice of removal.

The Court further notes that Shelter has violated Federal Rule of Civil Procedure 7.1, which requires a non-governmental corporate party to submit a corporate disclosure statement at the time of its first appearance, pleading, petition, motion, response or other request addressed to the Court. The Court hereby **ORDERS** Shelter to file on or before October 13, 2006, the appropriate corporate disclosure statement. Failure to comply with this order may result in striking of future filings pursuant to the Court's inherent authority.

**IT IS SO ORDERED.**
**DATED:  October 3, 2006**

               s/ J. Phil Gilbert
               **J. PHIL GILBERT**
               **DISTRICT JUDGE**