UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY HALL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHELTER GENERAL INSURANCE COMPANY, CHRIS MYERS, individually and d/b/a CHRIS MYERS INSURANCE,<br><br>　　　　Defendant. | Case No. 06-cv-732-JPG |

## **MEMORANDUM AND ORDER**

　　This matter comes before the Court on plaintiff Terry Hall's ("Hall") motion to voluntarily dismiss his claims against defendant Christ Meyers ("Myers") (Doc. 16), which the Court construes as a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). Further, although it is not labeled as such, the Court construes the motion as a response to its December 15, 2006, order to show cause (Doc. 14).

　　Rule 41(a)(1)(i) allows dismissal of an action against a defendant by a plaintiff without a court order at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs. Myers has not filed an answer or motion for summary judgment in this case. Because the plaintiff has an absolute right to dismiss this case against Myers at the present time, the Court finds that this action against Myers is **DISMISSED without prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case. Myers is terminated as a defendant in this case. The Court's December 15, 2006 order to show cause (Doc. 14) **DISCHARGED**, and Myers' motion to dismiss (Doc. 12) is rendered **MOOT** by his dismissal from this case.

　　The Court further notes that it has jurisdiction over this case. The Court notes that the

defendants removed this case from St. Clair County Circuit Court on the basis of diversity jurisdiction.  The defendants acknowledged that, on the face of the pleadings, Hall and Myers were both citizens of Illinois, but alleged that Myers was fraudulently joined because Hall could not state a claim against him and that therefore his citizenship should be disregarded for jurisdictional purposes.

     Hall's notice of dismissal of Myers avoids the jurisdictional question raised by Hall's and Myers's common citizenship.  Even if Myers had been properly joined as a defendant in this suit and original jurisdiction did not exist, his dismissal from the case allows the Court to exercise its jurisdiction.  Ordinarily, removal jurisdiction based on the Court's original diversity jurisdiction is determined at the time the lawsuit is commenced and at the time the petition for removal is filed.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939);  *see* 16 James W. Moore *et al.*, *Moore's Federal Practice* § 107.14[2][d] (3d ed.).  Those requirements may not have been met in this case.  However, there is an exception to the rule where diversity jurisdiction requirements, although not met at the aforementioned times, are satisfied by the time the Court enters judgment.  *Caterpillar v. Lewis*, 519 U.S. 61, 64 (1996).  In this case, if Myers is dismissed, diversity jurisdiction requirements will unquestionably be met and the case can therefore proceed to judgment in this Court.

**IT IS SO ORDERED.**
**DATED:  January 8, 2007**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**