UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY HALL,<br><br>   Plaintiff,<br><br>  v.<br><br>SHELTER GENERAL INSURANCE COMPANY, CHRIS MYERS, individually and d/b/a CHRIS MYERS INSURANCE,<br><br>   Defendant. | Case No. 06-cv-732-JPG |

**MEMORANDUM AND ORDER**

  This matter comes before the Court on defendant Shelter General Insurance Company's ("Shelter") appeal (Docs. 34 & 35) of Magistrate Judge Frazier's June 20, 2007, order (Doc. 32) ruling on plaintiff Terry Hall's motion to amend the scheduling order (Doc. 27). Hall has responded to the appeal (Doc. 36), and Shelter has replied to that response (Doc. 37). Magistrate Judge Frazier modified the scheduling order to allow for more discovery. Shelter objects essentially because it complied with the prior scheduling order while Hall did not, and it believes Hall should suffer the consequences of his failure rather than get a second chance. Under Magistrate Judge Frazier's latest discovery order, the plaintiff is not obligated to disclose his expert until after Shelter discloses its experts, an unusual sequence of expert disclosures.

  A district court reviewing a magistrate judge's decision on nondispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Frazier's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

  Judges generally have broad discretion in setting discovery schedules and imposing

discovery sanctions.  *See Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997);  *Brown-Bey v. United States*, 720 F.2d 467, 470-71 (7th Cir. 1983).  A discovery order is generally not subject to reversal unless the order will result in actual and substantial prejudice to the party seeking the change.  *See Weeks*, 126 F.3d at 943.

Magistrate Judge Frazier's scheduling and discovery conference in this case was not clearly erroneous or contrary to law.  The order does not violate Federal Rule of Civil Procedure 26(a)(2)(B) or (C), both of which allow for a court's directing discovery of expert witnesses on a case by case basis and only provide default rules in the absence of express court direction.  While the Court is sympathetic to Shelter's position that the discovery is happening in an unconventional sequence, that does not make it clearly erroneous or contrary to law.  While Shelter fears that Hall's expert will disclose new and unexpected opinions in his report and deposition scheduled after Shelter's expert's deposition and that Shelter will not be able to respond to those new opinions, that has not yet come to pass.  Should it, and should Shelter believe it is unfairly prejudiced by such disclosure, it is free to request a modification to the scheduling order at that time.

For these reasons, the Court **AFFIRMS** Magistrate Judge Frazier's June 20, 2007 order (Doc. 32).

**IT IS SO ORDERED.**
**DATED:  July 24, 2007**

>                              s/ J. Phil Gilbert
>                              **J. PHIL GILBERT**
>                              **DISTRICT JUDGE**